UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MONA ROUSSEL,

    Plaintiff,
vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, MONA ROUSSEL ("Plaintiff" or "Mrs. Roussel"), by and through undersigned counsel, hereby sues Defendant, CARNIVAL CORPORATION ("CARNIVAL"), a Foreign Corporation, and alleges:

## THE PARTIES

1. That at all times material Mrs. Roussel was a citizen and resident of the State of Louisiana, USA.

2. Defendant CARNIVAL is a Panama corporation with its principal place of business in Miami-Dade, Florida. At all material times, upon information and belief, CARNIVAL was the owner, operator or *pro hac vice* of the subject cruise vessel, and the employer of or responsible for all the shipboard personnel, including the vessel's medical staff, navigational officers and employees charged with the duty to maintain shipboard equipment, including but not limited to automatic sliding glass doors (hereinafter "automatic doors").

## JURISDICTION & VENUE

3. This action seeks damages that exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees, and there is complete diversity between the

Parties hereto. Thus, this Court has diversity subject matter jurisdiction pursuant to *28 USC §1332.*

4. That this Court also has admiralty subject matter initial jurisdiction pursuant to *28 USC §1332* as the alleged negligent conduct and injury occurred on navigable waters and the impact of which had the potential to disrupt maritime commerce.

5. That at all times material the Defendant, CARNIVAL CORPORATION, (hereinafter "CARNIVAL") was the owner, operator, or *pro hac vice* of the Vessel.

6. This Court has personal jurisdiction over the Defendant and venue is proper as:

   a. CARNIVAL'S principal places of business is located within Miami-Dade County, Florida; and/or

   b. CARNIVAL conducts substantial business within the State of Florida, including but not limited to operating passenger cruise vessels departing and returning to ports located in Miami, and/or Tampa, Cape Canaveral, Ft. Lauderdale, and Jacksonville;

   c. CARNIVAL issued a ticket contract requiring this personal injury action be filed in this Court thereby subjecting itself to this Court's personal jurisdiction.

7. That venue is proper in this Court under 28 U.S.C. § 1391 as Defendant has its principal place of business in Miami-Dade County, Florida and therefore is deemed to reside here and/or the cruise line ticket at issue also requires that suit be brought in this Court.

8. That all conditions precedent for filing and maintaining this action have been satisfied, waived or do not apply. Plaintiff is no longer in possession of her Cruise Ticket Contract, but CARNIVAL does have a copy of it.

*Roussel v. Carnival Corp.*

## **GENERAL ALLEGATIONS**

9. That Plaintiff entered into a contract of carriage with the Defendant for the purpose of a cruise aboard the *CARNIVAL GLORY*. The cruise embarked from New Orleans on March 05, 2022. While aboard the Vessel, Plaintiff occupied the status of a cruise ship passenger.

10. That Defendant, as common carrier, is engaged in the business of providing vacation cruises to the public aboard various vessels, including the subject Vessel. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the *CARNIVAL GLORY*.

11. That Defendant through online, television, radio and print advertisements specifically market their cruises as family friendly vacations with extensive offerings and activities for people of all ages, abilities, and financial stature.

12. The incident which is the subject of this action occurred on or about March 06, 2022, aboard the cruise ship *CARNIVAL GLORY* (hereinafter referred to as, "The Vessel") while The Vessel was in navigable waters.

13. At the time of the incident, Plaintiff occupied the status of a passenger.

14. The Vessel was owned and/or operated and/or maintained by Defendant.

15. On the date alleged above, while walking through a doorway designed with a set of heavy automatic doors on Deck 9, the automatic doors suddenly and unexpectedly closed with substantial force, striking Plaintiff on the right side of her body. The impact caused Plaintiff to fall onto the deck.

16. The sliding glass doors were accessible and open to passengers and there were no warnings that the door was about to close.

17. As a result, Plaintiff suffered an L-1 Lumbar fracture which required surgery. From the incident, Plaintiff was required to undergo additional physical therapy and is not at the same level of ability or mobility prior to the shipboard incident. Plaintiff is also experiencing chronic pain from the incident.

## COUNT I
## NEGLIGENCE

Plaintiff readopts and alleges paragraphs one (1) through 17 as though fully set forth herein, and further alleges as follows:

18. That at all times material, CARNIVAL owed Plaintiff the duty to exercise reasonable care under the circumstances.

19. Defendant owed Plaintiff the duty of reasonable care under the circumstances for her safety and the duty to warn Plaintiff of all dangers it knew or should have known.

20. Defendant was negligent as it breached its duty by:

   a. Failing to keep the automatic door in good working order;

   b. Failing to maintain the automatic door reasonably safe for passengers;

   c. Failing to properly inspect and monitor its automatic door;

   d. Failing to properly maintain the automatic door;

   e. Having an automatic door on the Vessel capable of knocking down passengers without sensors or other safety features which would stop the door from closing on passengers;

   f. Having an automatic door that are dangerously calibrated to close at a rate of speed that was dangerous and unsafe for normal use by pedestrian traffic;

    g. Failing to provide plaintiff with audio warnings that the automatic door was about to close;

    h. Failing to ensure its crew were properly trained and instructed on the maintenance and proper calibration of its automatic doors;

    i. Failing to have reasonable and appropriate policies and procedures in place regarding its automatic doors;

    j. Failing to comply with its own standards and/or industry standards regarding automatic doors;

    k. Selecting an automatic door that would that did not have sufficient safety features thereby allowing the door to close and injure passengers;

    l. Retaining an automatic door that did not have sufficient safety features thereby allowing the door to close and injure passenger; and

    m. All other negligence acts and omissions to be learned in discovery.

21. With regard to the alleged unsafe, dangerous or defective condition(s), policy(ies) or procedure(s), the Defendant:

    a. Knew of the foregoing conditions, policies or procedures in advance of the subject incident, but did not correct or warn of such, or

    b. The foregoing conditions, policies or procedure existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have known of such, but did not correct or warn of them, or

    c. Insofar as relates to the foregoing conditions, policies or procedures not created by the Defendant, Defendant's knowledge was or should have been

        acquired through (i) prior similar incident(s) and/or (ii) through its maintenance, inspection and/or observation(s) of the aforesaid conditions, policy(ies) or procedure(s) through shipboard personnel present at times leading up to and/or at the time of the subject incident or who otherwise were charged with such duties and/or (iii) through implementation of policies and/or procedures intended to prevent creation of such, but did not correct or warn of them, or

    d. Insofar as relates to the foregoing conditions, policies or procedures created by the Defendant, by or through a person or entity acting for or on its behalf, knowledge or notice on the part of the Defendant is obviated because Defendant is indirectly / vicariously liable.

22. Defendant had actual notice of the dangerous condition as another passenger spoke to Plaintiff's travel companion after the incident and informed her that the same door hit her the night before Plaintiff's incident, and she went to the infirmary for treatment as well as received medical treatment the following day.

23. Defendant had further actual notice of prior substantially similar incidents involving passengers being stuck by its automatic doors on one or more of its vessels including but not limited to the following passengers on the following dates:

    a. Passenger Samuel Walton, August 16, 2014,

    b. Passenger Cathie Raymond, May 13, 2016,

    c. Passenger Patricia Dotson, August 15, 2016,

    d. Passenger Debra Weddle, August 23, 2016, and,

    e. Passenger Patrick Burke, November 19, 2021.

24. Defendant was also aware of the unreasonably dangerous condition posed by the automatic sliding glass door in that it directed and/or participated in setting the sensitivity of the door's sensors to a level, and selecting their placement, causing the door to become unreasonably dangerous to pedestrian users.

25. As a result of Defendant's negligence, Plaintiff suffered bodily injury, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment. These losses are either permanent or continuing in nature.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the form of all compensatory damages allowable under law as well as taxable court costs, prejudgment interest and post judgment interest.

## COUNT II

## VICARIOUS LIABILITY/ NEGLIGENCE

Plaintiff readopts and alleges paragraphs one (1) through 17 as though fully set forth herein, and further alleges as follows:

26. That at all times material, CARNIVAL owed Plaintiff the duty to exercise reasonable care under the circumstances.

27. Defendant owed Plaintiff the duty of reasonable care under the circumstances for her safety and the duty to warn Plaintiff of all dangers it knew or should have known.

28. Defendant was negligent as it breached its duty by:

   a. Failing to properly cordon off the area and/or block access to the passageway while the automatic door was malfunctioning and/or being repaired;

   b. Failing to post signs warning and/or cautioning that the automatic door

    may slide and strike passengers;

  c. Failing to provide plaintiff with audio warnings that the automatic door was about to close; and

  d. All other negligence acts and omissions to be learned in discovery.

29. With regard to the alleged unsafe, dangerous or defective condition(s), policy(ies) or procedure(s), the Defendant:

  a. Knew of the foregoing conditions, policies or procedures in advance of the subject incident, but did not correct or warn of such, or

  b. The foregoing conditions, policies or procedure existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have known of such, but did not correct or warn of them, or

  c. Insofar as relates to the foregoing conditions, policies or procedures not created by the Defendant, Defendant's knowledge was or should have been acquired through (i) prior similar incident(s) and/or (ii) through its maintenance, inspection and/or observation(s) of the aforesaid conditions, policy(ies) or procedure(s) through shipboard personnel present at times leading up to and/or at the time of the subject incident or who otherwise were charged with such duties and/or (iii) through implementation of policies and/or procedures intended to prevent creation of such, but did not correct or warn of them, or

  d. Insofar as relates to the foregoing conditions, policies or procedures created by the Defendant, by or through a person or entity acting for or on its behalf,

knowledge or notice on the part of the Defendant is obviated because Defendant is indirectly / vicariously liable.

30. Defendant had actual notice of the dangerous condition as another passenger spoke to Plaintiff's travel companion after the incident and informed her that the same door hit her the night before Plaintiff's incident and she went to the infirmary for treatment as well as received medical treatment the following day.

31. Defendant had further actual notice of prior substantially similar incidents involving passengers being stuck by its automatic doors on one or more of its vessels including but not limited to the following passengers on the following dates:

    a. Passenger Samuel Walton, August 16, 2014,

    b. Passenger Cathie Raymond, May 13, 2016,

    c. Passenger Patricia Dotson, August 15, 2016,

    d. Passenger Debra Weddle, August 23, 2016, and,

    e. Passenger Patrick Burke, November 19, 2021.

32. Defendant was also aware of the unreasonably dangerous condition posed by the automatic sliding glass door in that it directed and/or participated in setting the sensitivity of the door's sensors to a level, and selecting their placement, causing the door to become unreasonably dangerous to pedestrian users.

33. As a result of Defendant's negligence, Plaintiff suffered bodily injury, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment. These losses are either permanent or continuing in nature.

*Roussel v. Carnival Corp.*

**WHEREFORE**, Plaintiff demands judgment against Defendant in the form of all compensatory damages allowable under law as well as taxable court costs, prejudgment interest and post judgment interest.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

**DATED: December 16, 2022**  **BRAIS LAW FIRM**
*Attorneys for Plaintiff*
Dadeland Office Park
9300 S. Dadeland Blvd., Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile: (305) 416-2902

By: */s/ Michelle Y. Gurian*
KEITH S. BRAIS
Florida Bar No. 863319
kbrais@braislaw.com
MICHELLE Y. GURIAN
mgurian@braislaw.com
Florida Bar No.: 100312