UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO. 22-CV-24087-HUCK

MONA ROUSSEL,

   Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,

   Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT

The Defendant, CARNIVAL CRUISE LINE, by and through undersigned counsel and pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure, hereby respectfully submits this Motion to Dismiss Count II of Plaintiff's Complaint[1], and as grounds therefor states as follows:

## BACKGROUND

This is a maritime personal injury action wherein Plaintiff alleges in the complaint "automatic doors suddenly and unexpectedly closed with substantial force, striking Plaintiff on the right side of her body." [ECF 1, para. 15]. The complaint sets forth two counts: Count I for Negligence; and Count II for Vicarious Liability/Negligence. The complaint's Count II fails to state a claim as a matter of law because (1) it is an improper shotgun allegation; (2) and fails to

---

[1] Because Carnival is filing the instant motion, it need not answer the balance of the Complaint at this time. *Ferk v. Mitchell*, Case No. 14-cv-21916-KING, 2014 WL 7369646, at *1, n. 1 (S.D. Fla. Dec. 29, 2014) (citing *Beaulieu v. Bd. Of Trustees of Univ. of West Florida*, Case No. 3:07-cv-30, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (collecting cases examining Rule 12(a)(4) and Rule 12(b)(6) and concluding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss.")).

sufficiently allege Carnival's vicarious liability for the negligence of its crew. *See Holland v. Carnival Corporation*, 50 F.4th 1088 (11th Cir. 2022). As such, this Court should dismiss Count II of Plaintiff's complaint.

## MEMORANDUM OF LAW

**1. Applicable Standard.**

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties alleged diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D. Fla. 2011).

To properly plead a claim for negligence under the General Maritime Law of the United States, a plaintiff must allege that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Holland*, 50 F.4th at 1094; *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). Under Federal Rule of Civil Procedure 8(a)(2), Plaintiff must allege a breach of duty by providing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed

factual allegations" are not required, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that a mere possibility of misconduct is insufficient to withstand a motion to dismiss). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Eleventh Circuit, relying on the bedrock cases of *Twombly* and *Iqbal* explained that mere "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and in "considering a motion to dismiss, a court should eliminate any allegations in the complaint that are merely legal conclusions." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 147 (11th Cir. 2011). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678-79. Accordingly, "to meet [the] plausibility standard, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [and that] [t]he mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Balaschak v. Royal Caribbean Cruises, Ltd.,* 2009 WL 8659594, at *1 (S.D. Fla. Sep. 14, 2009).

    **2. Plaintiff's Count II is a shotgun pleading.**

As set forth herein, a complaint in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a plaintiff files a shotgun pleading, he fails to satisfy these basic requirements. Such a pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). The Eleventh Circuit has identified four classes of shotgun pleadings. These are pleadings that:

> (1) contain multiple counts where each adopts the allegations of all preceding counts; (2) are filled with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim into separate counts; or (4) assert multiple claims against multiple defendants but do not specify which defendant is responsible for which acts or omissions.

*Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (cleaned up). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Smith v. Carnival*, 2022 WL 16791783 (S.D. Fla. 2022).

Count II of the present complaint is a shotgun pleading requiring dismissal because it alleges a hybrid cause of action resting somewhere between direct negligence and vicarious liability. *See, e.g.*, *See Liles v. Carnival Corporation*, Case No. 22-22977-BB, ECF 22 (S.D. Fla. Nov. 28, 2022); *Smith v. Carnival*, 2022 WL 16791783 (S.D. Fla. 2022); *Noon v. Carnival Corporation*, 2019 WL 2254924 (S.D. Fla. Feb. 1, 2019); *Gharfeh v. Carnival Corporation*, 2018 WL 501270, at *6-7 (S.D. Fla. 2018); *McFee v. Carnival Corp.*, 2020 WL 13389094, at *15 (S.D. Fla. 2020); *Wohlford v. Carnival Corp.*, 2017 WL 7731225 at *3 (S.D. Fla. 2017). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *See*, *e.g.*, *McNair v. Royal Caribbean Cruises, Ltd.*, 2021 WL 1062588 (S.D. Fla. 2021) (*citing Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018)). Shotgun pleadings violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), because they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id*. (Citations omitted). Courts should strike the pleading "and instruct counsel to replead the case" when presented with a shotgun pleading. *See id*. (Citations omitted). A pleading that fails to separate into a different count each cause of action is a form of shotgun pleading. *Id*.

Here, Count II improperly comingles both vague allegations of direct negligence and vicarious liability into the same count. *Gharfeh v. Carnival Corporation*, 2018 WL 501270, at *6-7 (S.D. Fla. 2018) (dismissing count due to improper commingling of vicarious liability claim with allegations of direct negligence); *see also Smith*, 2022 WL 16791783 at *3. Although Count II appears to allege Carnival's vicarious liability because its title, it alleges Carnival's breach of its duty of care to Plaintiff, [ECF 1, para. 26-29(a)-(c)], with a conclusory statement no notice or knowledge of the alleged hazardous condition is required due to Carnival's vicarious liability by a "person or entity acting for or on its behalf" [ECF 1, para. 29(d)]. Such vague conflicting pleading not only fails to state sufficient and plausible allegations of vicarious liability, *see Holland*, 50 F.4th at 1094-1095, but also makes it unclear under which legal theory Plaintiff seeks to recover. This is a violation of the Federal Rules of Civil Procedure because "the complaint fails to clearly state the cause of action or causes of action the Plaintiff alleges against the Defendant." *McNair v. Royal Caribbean Cruises, Ltd.*, 2021 WL 1062588 (S.D. Fla. 2021); *see also Bacon v. Celebrity Cruises, Inc.*, 2021 WL 3191058 (S.D. Fla. 2021); *Begin v. MCS Cruises S.A.*, 2021 WL 602779 (S.D. Fla. 2021); *Gharfeh*, 2018 WL 501270, at *6. As such, dismissal of Count II is required.

### 3. Count II fails to state a cause of action for vicarious liability.

Even if the Court were to determine Count II is not a shotgun pleading, it fails to state a claim as a matter of law for vicarious liability because there are insufficient allegations to support such claim. Absent from Count II are any allegations supporting a theory of Carnival's vicarious liability for the negligent acts of specific crewmember(s). *See Holland*, 50 F. 4th at 1094 ("Holland did not identify any specific crewmember whose negligence caused Holland's injury, much less a specific crewmember whose negligence occurred while acting within the scope of his employment – essential parts of any claim seeking to impose vicarious liability on an employer for an

employee's negligence."); *see also Yusko v. NCL (Bahamas) Ltd*., 4 F.4th 1164, 1170 (11th Cir. 2021); *Smith*, 2022 WL 16791783 at *3-4. Under a theory of vicarious liability "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland*, 50 F.4th at 1094. To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko,* 4 F.4th at 1167-1168. Here, however, Plaintiff sets out duties owed by Defendant – not its employees – rather than specifically identifying how Defendant's employees breached a duty and how that breach caused Plaintiff's injury.  *Smith,* 2022 WL 16791783 at *3-4. The duty and conduct of the shipowner are irrelevant under a theory of vicarious liability for the negligence of its crew. *See Yusko*, 4 F.4th at 1169 ("[T]he scope of a shipowner's duty has nothing to do with vicarious liability, which is not based on the shipowner's conduct.). The complaint also falls short because it does not set forth factual predicate about the specific employee(s) or describe such employee's claimed negligent acts. *See, e.g., Smith v. Carnival,* 2022 WL 16791783.  As such, this Court should dismiss Count II for failure to state a claim as a matter of law.

    **4.  Conclusion.**

Plaintiff's vague shotgun Count II fails to allege vicarious liability and fails to state a cause of action. WHEREFORE, Defendant, Carnival Cruise Line, respectfully requests this Court to dismiss Count II of Complaint as a shotgun pleading and for failure to state a claim for vicarious liability as a matter of law.

    Respectfully submitted,

    Valentina M. Tejera, Esq.
    CARNIVAL CORPORATION

3655 N.W. 87th Avenue<br>
Miami, Florida 33178-2428<br>
Telephone: (305) 406-7556<br>
vtejeragioia@carnival.com

By: *s/ Valentina M. Tejera, Esq.*
Valentina M. Tejera, Esq.
Fla. Bar. 536946

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

| | |
|---|---|
| Keith S. Brais<br>kbrais@braislaw.com<br>Michelle Y. Gurian<br>mgurian@braislaw.com<br>Dadeland Office Park<br>9300 S. Dadeland Blvd., Suite 101<br>Miami, Florida 33156<br>Telephone: (305) 416-2901<br>*Attorneys for Plaintiff* | Valentina M. Tejera, Esq.<br>CARNIVAL CRUISE LINE<br>3655 N.W. 87th Avenue<br>Miami, FL 33178<br>Telephone: (305) 406-7556<br>vtejeragioia@carnival.com<br>*Attorney for Defendant* |

[Service via CM/ECF Notice of Electronic Filing]